### K. O. BREKKEN v. A. C. WENZEL.[1]

November 28, 1919.

No. 21,490.

**What is not an accord and satisfaction.**

1. The fact that defendant in making division of a crop added to plaintiff's share, without his knowledge, an additional quantity to satisfy a liability to him did not constitute an accord and satisfaction of such liability.

**Refusal of offer — counterclaim.**

2. The offer of the grain in satisfaction of the liability, not having been accepted, was not binding, and plaintiff having brought suit on several claims including such liability, defendant is entitled to have the value of the grain offset against whatever amount is due plaintiff.

Action in the district court for Yellow Medicine county to recover $706.10. The case was tried before Daly, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Bert O. Loe,* for appellant.

*Paul D. Stratton,* for respondent.

[1] Reported in 174 N. W. 831.

TAYLOR, C.

Appeal by plaintiff from an order refusing a new trial after a verdict for defendant.

Plaintiff had leased a farm to defendant for two seasons, and in his complaint set out 11 items or claims growing out of these farming transactions on which he sought to recover. One of these claims was for damages for negligently permitting cattle and hogs to destroy three acres of growing corn. In his answer defendant alleged that he had paid plaintiff more than in full for this damage by giving him 90 bushels more than his share of the corn raised.

The only ground on which plaintiff asks for a new trial is that the court, by its charge, permitted the jury to apply the additional 90 bushels of corn as an offset against the aggregate amount of plaintiff's claims, instead of instructing them that it was delivered in payment of the damages arising out of the destruction of the three acres of growing corn and could only be applied as an offset against that claim.

There is a settled case, but it contains only the charge of the court, an exception to the part of the charge questioned, and a short excerpt of less than two pages from the testimony of defendant. Nothing else, and nothing to show the purport of the other evidence, or that it did not bear on the question sought to be raised.

In his charge, the court, after stating that "there are a great many items involved in dispute here, and it is practically, in a measure, in the nature of an accounting," took up the several items seriatim, and discussed the claims pro and con in respect to them. His statement concerning the item of 90 bushels of corn is not clear, but, giving it the effect claimed by plaintiff, we are of opinion that it does not justify a reversal. In the absence of a record showing otherwise, we must take it for granted that the action was so tried as to warrant the statement of the court that it was in the nature of an accounting, and that all the claims of both parties were litigated and to be determined.

Plaintiff rests his contention on the testimony of defendant that he was "willing to turn over ninety bushels for these three acres," and that in dividing the corn he placed his own in one pile and plaintiff's in another and placed the 90 bushels with plaintiff's share as an "allowance to him for the damages done by hogs and cattle in the cornfield    *    *    *

so as to give him whatever he had coming out of the corn for the destruction." Plaintiff states in his brief that "the evidence is absolutely barren of any claim that plaintiff consented to this arrangement or knew anything about it." As plaintiff did not consent to take this corn in satisfaction of the claim for which it was tendered, delivering it to him in the manner stated did not constitute an accord and satisfaction of the claim. 1 Dunnell, Minn. Dig. § 36. Defendant's offer of the corn in satisfaction of that claim not having been accepted did not become binding, and if plaintiff has the corn, and this seems to be conceded, defendant was entitled to have its value offset against whatever amount was found due plaintiff.

Order affirmed.